# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ROBERT SLAUGHTER,** | : |
| *On behalf of himself and those similarly situated*, | : Case No. 2:19-cv-1456 |
| | : JUDGE ALGENON L. MARBLEY |
| **Plaintiff,** | : Magistrate Judge Deavers |
| v. | : |
| **5 STAR PIZZA, LLC,** *et al.*, | : |
| **Defendants.** | : |

## ORDER APPROVING SETTLEMENT

This matter is before the Court on Plaintiffs' unopposed Motion for Settlement Approval. (ECF No. 20). For the following reasons, the Court **GRANTS** the Motion for Settlement Approval and the case is **DISMISSED WITHOUT PREJUDICE**. The parties are directed by the Court to file a Dismissal Order dismissing this case with prejudice not later than thirty (30) days after the entry of this Order.

This matter is now terminated by settlement and shall be considered, pursuant to Fed. R. Civ. P. 41, dismissed without prejudice as to all claims, until the parties file the above-referenced Dismissal Order dismissing this matter with prejudice, unless the case is reopened for good cause shown upon proper motion of one or more parties to this action. The Court will retain jurisdiction over the settlement agreements.

## I. BACKGROUND

In April 2019, Plaintiff Slaughter filed his Complaint on behalf of himself and similarly situated employees alleging violations of the Fair Labor Standards Act ("FLSA") and West Virginia state wage and hour statutes. Plaintiffs Sengstock, Mainville, Smith, and West joined

1

the action at various times between May and September. The proposed settlements would fully resolve all claims which presently exist or may exist in the future against Defendants arising out of or relating to Plaintiffs' assertions in the Complaint. The Court has reviewed Plaintiffs' unopposed Motion and Settlement Agreements and approves the proposed settlements for the following reasons.

## II. ANALYSIS

The Court shall approve an FLSA settlement if there exists a bona fide dispute under FLSA that can be resolved by a settlement agreement, the agreement was reached through an arms-length negotiation, and the agreement is fair, reasonable, and adequate. *Kritzer v. Safelite Solutions*, LLC, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012) (citing *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 381-82 (S.D. Ohio 2006)).

The settlements meet this standard for approval. First, the Court finds the settlements were the result of bona fide dispute. Defendants deny the material allegations of Plaintiffs' claims and any violation of the FLSA and state wage and hour laws. There is no indication that the parties were "merely engaged in pretense and posturing." *See Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 351 (6th Cir. 2009). As discussed below, the Court also finds that the settlement agreements were reached as the result of arms-length negotiation.

### A. Fairness, Reasonableness, and Adequately of Settlement

To determine whether a settlement is "fair, reasonable, and adequate," the Court balances the following factors: "(1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement." *Vigna v. Emery Fed. Credit Union*, No. 1:15-

CV-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016). The balance of these factors weighs in favor of approving the proposed settlement agreements.

**5. The risk of collusion.**

The Court finds that the negotiations were conducted at arm's length and there is no reason to believe the settlement involves collusion. Pursuant to the arbitration agreements, Plaintiffs each pursued settlement negotiations individually. All Plaintiffs submit in their joint Motion that the negotiations were conducted at arm's length and Defendants do no object.

**2. Complexity, expense, and likely duration of litigation.**

Given the fact-intensive nature of the wage and reimbursement dispute, the parties contend that the benefits of settlement outweigh the "cost, time, and risk of going forward." (ECF No. 20 at 8). This Court agrees. As the district court found in *In re Telectronics*, "[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them." *In re Telectronics Pacing Systems, Inc.*, 137 F. Supp. 2d 985, 1013 (quoting *In re Austrian and German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000)).

**3. The stage of the proceedings.**

Plaintiff filed his Complaint in April of 2019. (ECF No. 1). While the parties have not engaged in significant discovery, this Court stayed the action in July 2019 pending the outcome of individual arbitrations pursuant to alleged binding and enforceable arbitration agreements Plaintiffs entered into at the beginning of their employment. (ECF No. 18). In September 2019, the parties submitted this Motion for Settlement. (ECF No. 20). Before filing the arbitrations, the parties were able to reach the individual settlement agreements that are the subject of this Motion. (ECF No. 20 at 4).

3

### 4. Likelihood of success on the merits.

In their Motion, Plaintiffs contend that "[s]ucess in this case was not certain." (ECF No. 20 at 8). The parties disagree about what reimbursement rates Plaintiffs are entitled to for business mileage. Plaintiffs suggest some of their claims involves purely legal questions, such as whether the IRS business mileage rate is required, while others could require expert testimony or a jury. (*Id.*). This Court agrees with Plaintiffs that their likelihood of success on the merits is outweighed by the benefits of the proposed settlement.

### 5. The opinion of class counsel and representatives.

Counsel for both parties believe the proposed settlements are fair, reasonable, and adequate. The Court gives weight to the judgment of experienced counsel that the settlement is in the best interests of the class. *See Kritzer*, 2012 WL 1945144, at *7.

### 6. Reaction of absent class members.

All Plaintiffs who have presently filed consent motions to join the action are in favor of settling the case and no class members have filed timely objected.

### 7. The public interest.

As the district court noted in *Kritzer*, there is a "public interest favoring settlement… as the proposed settlement ends potentially long and protected litigation." 2012 WL 1945144, at *6 (citing *In re Broadwing*, 252 F.R.D. at 369). The Court finds this factor weighs in favor of approving the proposed settlements.

## B. Attorneys' Fees

The proposed settlement agreements provide for:

$9,742.37 for mileage reimbursement and damages and $3,728.18 in attorneys' fees and costs for Plaintiff Slaughter. (ECF No. 20 Ex. 1 at 2).

$12,771.35 for mileage reimbursement and damages and $5,242.68 in attorneys' fees and costs for Plaintiff Sengstock. (ECF No. 20 Ex. 2 at 2).

$6,736.42 for mileage reimbursement and damages and $3,238 in attorneys' fees and costs for Plaintiff Mainville. (ECF No. 20 Ex. 3 at 2).

$5,012 for mileage reimbursement and damages and $2,238 in attorneys' fees and costs for Plaintiff Smith. (ECF No. 20 Ex. 4 at 2).

$13,471.08 for mileage reimbursement and damages and $6,092.54 in attorneys' costs and fees for Plaintiff West. (ECF No. 20 Ex. 5 at 2).

Under their contingency fee agreement, Plaintiffs will pay a third of their damages in attorneys' fees, but any amount of attorneys' fees separately agreed to will reduce the amount of attorneys' fees deducted from the damages amount. (ECF No. 20 at 6-7). There are two methods for determining whether a fee is reasonable: the lodestar method and the percentage-of-the-fund method. *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App' 496, 498 (6th Cir. 2011). The Sixth Circuit has approved both methods. *Rawlings v. Prudential-Bache Prop., Inc.*, 9 F.3d 513, 515–16 (6th Cir. 1993).

The Court analyzes the following factors in determining whether the fee is reasonable: (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent-fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. *Castillo v. Morales*, Case: 2:17-cv-00476-ALM-EPD2015 WL 13021899, at *6 (S.D. Ohio Dec. 22, 2015).

In total under the five settlement agreements, Plaintiffs' counsel would receive

5

$19,349.40 in attorneys' fees and $1,190 in costs. (ECF No. 20 at 9). Plaintiffs contend that the attorneys' fees are reasonable, and permit all Plaintiffs except Plaintiff Smith, who agreed to Defendants' initial settlement offer, to receive more than their alleged damages calculated at the IRS standard business mileage rate. (*Id.*). Counsel does not provide the lodestar amount in its motion, but the fees amount to less than a third of the total settlement amount. The services were undertaken pursuant to a contingency fee arrangement. Plaintiffs' counsel argues that the fee amount is reasonable, and Defendants do not object. (*Id.* at 8-9).

The Court agrees the attorneys' fees in the proposed settlements are reasonable. Plaintiffs are receiving a substantial benefit, in the amount of two-thirds or greater of the total settlement fund. All Plaintiffs except Plaintiff Smith are receiving more than their alleged damages calculated at the IRS reimbursement rate. Plaintiffs' Counsel undertook the representation on a contingency fee arrangement. Thus, Counsel has borne the risk that accompanies contingent-fee representation, including the prospect that the investment of substantial attorney time and resources would be lost. Counsel should be compensated for this risk. "There is a public interest in ensuring that attorneys willing to represent clients in class action litigation are adequately paid so that they and others like them will continue to take on such cases." *Connectivity Sys. Inc. v. Nat'l City Bank*, 2011 WL 292008, at *14 (S.D. Ohio Jan. 25, 2011). As discussed above, this litigation is complex and involves skilled attorneys on both sides. For these reasons, the Court finds the balance of factors weighs in favor of granting the proposed attorneys' fees and costs.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion for Settlement Approval and orders that this case be **DISMISSED WITHOUT PREJUDICE**. The parties are directed by the Court to file a Dismissal Order dismissing this case with prejudice not later than thirty (30)

days after the entry of this Order. The Court will retain jurisdiction over this action only for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement, including for overseeing the distribution of settlement funds. The parties shall abide by all terms of the Settlement Agreements, which are incorporated herein, and this Order.

**IT IS SO ORDERED.**

                                                    s/ Algenon L. Marbley
                                                  **ALGENON L. MARBLEY**
                                                  **UNITED STATES DISTRICT JUDGE**

**DATED: December 4, 2019**